# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**MARSHAUN STEWART**                                                                  **PETITIONER**

**v.**                                                       **No. 2:04CV300-P-A**

**CHRISTOPHER EPPS, ET AL.**                                          **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the October 22, 2004, *pro se* petition of Marshaun Stewart for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state moved to dismiss the petition June 9, 2005. The petitioner responded to that motion June 24, 2005. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed for failure to exhaust state remedies.

### Facts and Procedural Posture

The petitioner is in the custody of the Mississippi Department of Corrections and is currently housed at the Mississippi State Penitentiary in Parchman, Mississippi. He was convicted by a jury of rape. He pled guilty to two separate crimes: rape and burglary of an inhabited dwelling at night while armed with a deadly weapon with the intent to commit rape. All charges arose in the Circuit Court of Coahoma County, Mississippi. The petitioner was sentenced to twenty-five years on the rape conviction.[1] The court imposed consecutive sentences of twenty years on the plea of guilty to burglary, and twenty-five years on the plea to rape – with these sentences to run concurrent to the sentences previously imposed.

---

[1] The Mississippi Supreme Court affirmed the conviction and sentence for rape March 27, 1985. *Stewart v. State,* 466 So. 2d 906 (Miss. 1985).

The petitioner filed a "Petition for Writ of Habeas Corpus" in the Coahoma County Circuit Court arguing that he was being held beyond the expiration of his sentence. The circuit court denied that motion May 3, 2004. The petitioner did not file a Notice of Appeal from the court's order denying relief; instead, he filed a "Motion for Re[con]sideration" in the Above Cause Dated 4/30/04 or Permission to File Appeal to Supreme Court Prescribed by Rule 4(a)." That motion is still pending before the Circuit Court of Coahoma County. Thus, Ground Two of the instant federal petition for a writ of *habeas corpus* is currently pending before the Circuit Court of Coahoma County.

The petitioner filed a Petition for Writ of Mandamus with Mississippi Supreme Court attaching a document entitled "Appellant's Brief." In it, the petitioner discussed his claims for relief based on the trial court's denial of his petition for writ of *habeas corpus*. The petitioner, however, filed this document without perfecting an appeal, and it was not docketed as an appeal from the lower court. The Mississippi Supreme Court instead docketed the submission as a part of the petitioner's petition for a writ of mandamus – and ruled on it as such. That petition was filed August 6, 2004, only three months after the petitioner filed his motion for rehearing in the trial court. The petition for mandamus outlined the procedural history of the case – but did not seek an order for the trial court to rule on his motion for rehearing. Instead, the petitioner requested that the Mississippi Supreme Court review the matter "on the . . . merit[s] or process the petitioner['s] appeal brief filed along with the petitioner['s] writ of mandamus to this Honorable Court." Petition in state court cause no. 2004-M-1567. The supreme court denied the petition August 23, 2004.

**The Petitioner's Federal *Habeas Corpus* Claims**

The instant federal petition for writ of *habeas corpus*[2] raises the following claims for relief:

Ground One - 14th Amendment of the United States Due Process, 47-5-104 (1972), *Stewart vs. Thigpen,* 730 F. 2d 1002, *Tiller vs. State,* 440 So. 2d 1001, *Carson v. Hargett*, 689 So. 2d 753 - Classification denied - the petitioner [was denied] due process of law before earn[ed] time was demoted from his sentence. The petitioner was never given a classification hearing after disciplinary [committee] recommended the [loss] of earn time. On every rule violation I ever received was signed no evidence by staff member who issue[d] the rule violation.

Ground Two - *Preiser v. Rodriquies,* 93 S.Ct. 1827, 411 U.S. 475, 47–5-138(1) - The petitioner [has] . . . served the expire[d] portion of his sentence. The petitioner [has] a 45 year sentence under the 50% laws. 22 ½ years is the petitioner conditional release date. *See* attached time sheet 6-16-05[, as it] will show my discharge date. It is illegal to hold me [past] this date. 47-5-138(1) state[s] the department (shall) determine a conditional earned time release date[. ] ["S]hall" means a future, or command, obligation.

Ground Three - 47-5-138(1), 47-5-139 (1972), 47-5-705 (1972), 47-7-3 (Parole) - I never had a job to earn any earn time to go home early before my conditional discharge date. [There are] two ways the petitioner Stewart could have been released before completion of the 22 years[: ]parole or earned time. Generally, good time and parole statutes are accord[ed] similar treatment and are considered as resting upon the same legislative basis.

[Ground Four -] 47-5-99, 47-5-103, 47-5-104 - Function of offender classification and disciplinary hearing according to 47-5-99, 47-5-103, 47-5-104. The classification board consist[s] of the commissioner on his designee deputy commissioner of institutions and director of offender services. The petitioner went before the Disciplinary Committee but wasn't given a classification hearing as required by 47-5-104 to test the evidence [used to remove his earned] time. Disciplinary is a different committe[e from] classification.

---

[2]Aside from the present federal *habeas corpus* petition, the petitioner has filed at least two others - (1) Cause No. 3:00CV605-B-JN challenging the parole board's refusal to grant him parole and (2) 4:03CV314-D-B challenging the loss of over 900 days of earned time.

The petitioner states near the beginning of the form petition that he is attacking his conviction for rape and his pleas of guilty to rape and burglary. None of the claims set forth in the body of the petition, however, address those convictions. In addition, the petitioner appends to his petition certain documents from a grievance he filed with the Mississippi Department of Corrections Administrative Remedy Program concerning the loss of thirty days earned time resulting from a Rule Violation Report. It appears, then, that at least one ground in the petition is based upon the handling of that grievance.

Even with the broad reading of the *pro se* petitioner's claims required under *Haines v. Kerner*, 404 U.S. 519 (1972), only Grounds One, Two, and Four state a claim for *habeas corpus* relief. Ground Three is nothing more than a recitation of facts. The remaining claims challenge: (1) loss of earned time (Grounds One and Four)[3], and (2) that the petitioner is being held beyond the expiration of his sentence. (Ground Two).

### Ground Two: The Petitioner Has Been Held
### Beyond the Expiration of His Sentence

The resolution of this ground rests with U.S.C. § 2254, which provides in part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --

    (A) the applicant has exhausted the state remedies available in the courts of the State; or

    (B)(i) there is an absence of available State corrective process; or

---

[3]While the petitioner's claim in Grounds One and Four could also be construed as a challenge to his classification, such a claim is not a matter for *habeas corpus* review. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999), *Sandin v. Conner*, 515 U.S. 472, 485, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (finding no liberty interest in prisoner's administrative segregation absent atypical, significant deprivation).

>               (ii) circumstances exist that render such process ineffective to
>         protect the rights of the appellant.
>
> * * * * * *
>
> c) An applicant shall not be deemed to have exhausted the remedies available in
> the courts of the State, within the meaning of this section, if he has the right under
> the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)(1) and (c).

As Ground Two is still pending in a motion before the Circuit Court of Coahoma County, Mississippi, the petitioner has state court avenues open to pursue; as such Ground Two has not been exhausted and shall be dismissed. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 67 USLW 3682 (1999).

### Grounds One and Four: Loss of Earned Time

Grounds One and Four challenge procedure used to take earned time for the petitioner's violation of prison rules – and the resulting prison grievance the petitioner filed. This court may not review these grounds, as they are barred under the doctrine of procedural default. The petitioner filed a grievance with the Administrative Remedy Program and completed all three steps. The petitioner received a certificate of completion stating that any appeal from that decision must be pursued within thirty days. He did not, however, file an appeal from that decision in the circuit court, and the time to perfect such an appeal has long passed. Thus, these claims are barred because the petitioner failed to pursue them in the circuit court, and ultimately, the Mississippi Supreme Court. *Sones v. Hargett,* 61 F.3d 410 (5th Cir. 1995). *See also Coleman v. Thompson,* 501 U.S. 722, 111 S. Ct. 2546, 115 L.Ed. 2d 640 (1991) (federal review of a claim is barred in all cases in which a state prisoner has defaulted his federal claims

5

in state court pursuant to an independent and adequate state procedural rule). For these reasons, Grounds One and Four of the instant petition shall be dismissed.

In sum, all grounds of the instant petition shall be dismissed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 28th day of June, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE